# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT
# CIVIL APPEAL STATEMENT OF PARTIES AND ISSUES

Case No: **25-3718**          Case Manager: _____

Case Name: **Sierra Club v. U.S. EPA**

Is this case a cross appeal?   ☐ Yes   ☒ No
Has this case or a related one been before this court previously?   ☐ Yes   ☒ No
If yes, state:
  Case Name: _____          Citation: _____
  Was that case mediated through the court's program?   ☐ Yes   ☒ No

**Please Identify the Parties Against Whom this Appeal is Being Taken and the Specific Issues You Propose to Raise:**

**Petitioners Sierra Club, National Parks Conservation Association, and Ohio Environmental Council seek review of the U.S. Environmental Protection Agency's (EPA) final action, "Air Plan Approval; Ohio; Regional Haze State Implementation Plan for the Second Implementation" (July 8, 2025). EPA's approval of the Ohio Regional Haze plan was arbitrary and capricious, and unlawful under the Clean Air Act, for several reasons: (1) Without providing public notice, EPA unlawfully amended the Ohio plan by removing federally enforceable emission reductions for the Miami Fort and Zimmer power plants from the final rule; (2) EPA arbitrarily failed to evaluate potential pollution controls for those facilities based on the four statutory factors for ensuring reasonable progress; (3) To justify the removal of emission limitations from the Ohio haze plan, EPA relied on a new policy, announced for the first time in the final rule, that states need not ensure enforceable emission reductions where affected "Class I" federal lands are on the so-called Uniform Rate of Progress (URP) toward natural visibility in 2064; (4) EPA arbitrarily failed to address whether all Class I areas affected by Ohio pollution are on the URP, and therefore cannot demonstrate that Ohio satisfies EPA's newly-announced policy; (5) EPA failed to require Ohio to conduct the statutorily-mandated analysis of reasonable progress and "best available retrofit technology" for eligible sources; (6) EPA's action was arbitrary and capricious by failing to meet Clean Air Act requirements for consistency with national policy, rulemaking requirements, and actions taken by other EPA regions; (7) EPA has failed to show that its policy changes are permissible under the statute; and (8) EPA's action was contrary to the Clean Air Act and EPA's regional haze regulations. Consistent with the non-binding nature of this filing, and the record, Petitioners respectfully reserve the right to raise additional issues.**

**Pursuant to FRAP 10(b)(1)(B), Petitioners state that there is no transcript in this record review of an agency rulemaking.**

This is to certify that a copy of this statement was served on opposing counsel of record this **19th** day of _____**September**_____, **2025**.

**Joshua Douglas Smith**
Name of Counsel for Appellant

6CA 53
Rev. 6/08